UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00589-GNS

DR. PETER TRZOP                                                                                PLAINTIFF

v.

VETERANS ADMINISTRATION et al.                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 12), and Plaintiff's Motion to Amend and for Summary Judgment (DN 17). The motions are ripe for adjudication.

### I.     BACKGROUND

Plaintiff Dr. Peter Trzop ("Dr. Trzop") is a retired United States Air Force veteran. (Compl. 5, DN 1). After initially having health insurance coverage through Civilian Health and Medical Program of the Department of Veteran Affairs ("CHAMPVA"), Dr. Trzop alleges that he was informed that he was no longer eligible in 2020 and now has coverage under TRICARE.[1] (Compl. 5). He maintains that the administrators at various agencies changed his retirement and medical coverage in June 2005, and the Department of Veteran Affairs ("VA") notified medical providers of the change in his coverage retroactively to 2005. Because Dr. Trzop was only able to purchase TRICARE coverage until 2020 rather than retroactively to 2005, he "was denied the ability to bill [TRICARE] for bills paid by [CHAMPVA] given the 15 years! [He] is getting collection notices from medical providers and collection agencies & no ability to correct the system . . . ." (Compl. 6).

---

[1] "CHAMPVA is administered by the Department of Veterans Affairs ("VA") and provides health care to qualified veterans of the U.S. Armed Forces." *United States ex rel. Nowak v. Medtronic, Inc.*, 806 F. Supp. 2d 310, 319 (D. Mass. 2011) (citation omitted). "TRICARE is 'a comprehensive managed health care program for the delivery and financing of health care services in the Military Health System' covering qualifying retired military personnel and military dependents and spouses." *Id.* (quoting 32 C.F.R. §§ 199.17(a), 199.3).

By letter dated February 27, 2024, the VA notified Dr. Trzop of its denial of his request for CHAMPVA eligibility. (Defs.' Reply Mot. Dismiss Ex. B, at 1, DN 18-2). The letter also informed Dr. Trzop of his right to seek administrative review within one year of the notice.[2] (Defs.' Reply Mot. Dismiss Ex. B, at 1).

Dr. Trzop filed this action against Defendant DEERS[3] and Department of Defense ("DOD"). He seeks a national injunction to preclude the VA from collecting any amounts owed due to its alleged errors. (Compl. 6).

On behalf of the named Defendants, the United States moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Defs.' Mot. Dismiss, DN 12). Besides opposing the motion, Dr. Trzop moved for leave to amend the Complaint and for summary judgment. (Pl.'s Combined Resp. Defs.' Mot. Dismiss, Mot. Leave, & Mot. Summ. J., DN 17).

## II.    DISCUSSION

### A.    Defendants' Motion to Dismiss

While Defendants seek dismissal under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6), it is necessary to first address whether dismissal is warranted based on subject matter jurisdiction. Challenges to such jurisdiction come in several varieties. Facial attacks challenge a plaintiff's establishment of jurisdiction in the Complaint and require the Court to examine the jurisdictional basis. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citation omitted). Factual attacks contest the existence of factual prerequisites to jurisdiction. *See id.* In such motions, the Court is empowered

---

[2] The letter references VA Form 10-0998, which outlines the three types of review available and the process for seeking such a review. (Defs.' Reply Mot. Dismiss Ex. B, at 1); Dep't of Veteran Affs., Form 10-0998, Your Rights to Seek Further Review of Our Healthcare Benefits Decision (Mar. 2019), https://www.va.gov/vaforms/medical/pdf/10-0998%20online%20corrected.pdf (last visited Feb. 7, 2025).

[3] "Plaintiff names the Defense Enrollment Eligibility Reporting System ("DEERS") as a Defendant; however, DEERS is not a federal agency, but rather is a database operated by the Defense Manpower Data Center." (Defs.' Mot. Dismiss 1 n.1, DN 12).

to resolve the factual disputes affecting any jurisdictional prerequisites. *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). The plaintiff bears the burden of proving the existence of subject matter jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 682 (1946).

The Complaint asserts that this Court has jurisdiction over this dispute under 28 U.S.C. § 1331. (Compl. 4). Because claims against the United States are generally barred by sovereign immunity, the Court must determine whether such immunity has been waived in this matter. "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Peña*, 518 U.S. 187, 192 (1996) (internal citations omitted).

### 1.    *10 U.S.C. § 1554*

In the Complaint, Trzop asserts a claim under 10 U.S.C. § 1554. That statute provides:

> (a)    The Secretary concerned shall from time to time establish boards of review, each consisting of five commissioned officers, two of whom shall be selected from officers of the Army Medical Corps, officers of the Navy Medical Corps, Air Force officers designated as medical officers, or officers of the Public Health Service, as the case may be, to review, upon the request of a member or former member of the uniformed services retired or released from active duty without pay for physical disability, the findings and decisions of the retiring board, board of medical survey, or disposition board in the member's case. A request for review must be made within 15 years after the date of the retirement or separation.
> (b)    A board established under this section has the same powers as the board whose findings and decision are being reviewed. The findings of the board shall be sent to the Secretary concerned, who shall submit them to the President for approval.
> (c)    A review by a board established under this section shall be based upon the records of the armed forces concerned and such other evidence as may be presented to the board. A witness may present evidence to the board in person or by affidavit. A person who requests a review under this section may appear before the board in person or by counsel or an accredited representative of an organization recognized by the Secretary of Veterans Affairs under chapter 59 of title 38.

10 U.S.C. § 1554. The Physical Disability Board of Review ("PDBR") was created pursuant to that statute, and the PDBR's purpose is to "reassess[] the combined disability ratings of service members discharged after September 11, 2001[,] as unfit for continued military service, who had a combined

disability rating of [twenty percent] or less, and who were not eligible for retirement." *Keltner v. United States*, 165 Fed. Cl. 484, 504 n.47 (2023) (third alteration in original) (internal quotation marks omitted) (quoting *Petri v. United States*, 104 Fed. Cl. 537, 545 (2012)). "Following its review, the PDBR may 'recommend to the Secretary' the issuance of a new disability rating, the modification of a previous rating, the recharacterization of a soldier's separation to include medical retirement, or no change." *Sissel v. Wormuth*, 77 F.4th 941, 944 (D.C. Cir. 2023) (citing 10 U.S.C. § 1554a(d)(1)-(4)). "If the PDBR 'makes a recommendation not to correct the military records,' its recommendation is final. Otherwise, the Secretary 'may correct the military records' pursuant to the PDBR's recommendation" *Id.* (internal citation omitted) (citation omitted).

This statute, however, does not covey subject matter jurisdiction for judicial review. *See Quatrini v. Dep't of Def. Physical Disability Bd. of Rev.*, No. 6:21-CV-996-PGB-EJK, 2022 WL 1238634, at *3 (M.D. Fla. Feb. 2, 2022) ("Plaintiff brings her claim pursuant to 10 U.S.C. § 1554(a); however, this statute does not grant the Court jurisdiction to hear her claim. . . . Even construed liberally, Plaintiff's invocation of 10 U.S.C. § 1554(a) does not provide her with a cause of action to be heard within this Court."). Accordingly, to the extent that Dr. Trzop is seeking relief pursuant to Section 1554, the Complaint must be dismissed due to lack of subject matter jurisdiction.

### 2. *Veterans' Judicial Review Act*

In response to Defendants' motion, Dr. Trzop asserts that his claim is being asserted under the Administrative Procedure Act ("APA"). (Pl.'s Combined Resp. Defs.' Mot. Dismiss, Mot. Leave, & Mot. Summ. J. 1). In making that argument, however, he is overlooking the specific administrative review process established by the Veterans' Judicial Review Act ("VJRA") for review of veterans' benefits claims. *See Mehrkens v. Blank*, 556 F.3d 865, 870 (8th Cir. 2009) ("Congress has charged the VJRA with exclusive jurisdiction." (citation omitted)).

4

As one court has explained regarding the passage of the VJRA:

> Congress enacted a specialized review process for the adjudication of veterans' benefits claims. The Secretary of the VA, as mandated by statute, decides "all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). Subject to some exceptions not relevant here, *see id.* § 511(b), such decisions by the Secretary may only be reviewed on appeal by the Board of Veterans' Appeals, a VA administrative body, *id.* § 7104(a), and then by the United States Court of Appeals for Veterans Claims, an Article I court with "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals," *id.* § 7252(a). Decisions by the Court of Appeals for Veterans Claims may be appealed only to the Federal Circuit.

*Hairston v. DVA, Reg'l VA Off. Martinsburg*, 841 F. App'x 565, 569 (4th Cir. 2021) (citing 38 U.S.C. § 7292(a), (c)); *see also id.* ("Congress made clear that this specialized review process is also an exclusive one. Beyond this narrow route, federal courts generally are barred from hearing challenges to benefits determinations."). Because Dr. Trzop is challenging the VA's decision regarding his benefits, he must first exhaust the administrative remedies under the VJRA before seeking judicial review.[4] *See Fore v. McDonough*, No. 23-CV-03610 (JMA) (ST), 2024 WL 1604228, at *2 (E.D.N.Y. Apr. 12, 2024) ("Congress has created an exclusive channel of judicial review. . . . Nowhere is there provision for original decision by or appeal to the United States District Courts or United States Circuit Courts other than the Federal Circuit." (internal quotation marks omitted) (citation omitted)); *see also Beamon v. Brown*, 125 F.33d 965, 971 (6th Cir. 1997).

For these reasons, the Court lacks subject matter jurisdiction over this matter. *See Poulous v. U.S. Dep't of Veteran Affs.*, No. 5:22-CV-860, 2022 WL 17176826, at *6 (N.D. Ohio Nov. 22, 2022); *Timson v. West*, No. C2-99-1171, 2000 WL 1693764, at *4 (S.D. Ohio Nov. 2, 2000). Defendants' motion is granted.[5]

---

[4] Dr. Trzop must seek administrative review by **February 27, 2025**. (Defs.' Reply Mot. Dismiss Ex. B, at 1).

[5] Dr. Trzop has requested a nationwide injunction on behalf of others who have been impacted by similar decisions. (Compl. 6; Pl.'s Resp. Def.'s Mot. Dismiss 2). "Under 28 U.S.C. § 1654, '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]' That statute, however, 'does not permit plaintiffs to appear *pro se* where interests other than their own are at stake.'" *Watkins v. Kentucky*, No. 1:23-CV-00088-RGJ, 2023 WL 7093042, at

### B. Plaintiff's Motion for Leave to Amend and for Summary Judgment

Dr. Trzop moves for leave to amend the Complaint to name the Secretary of Defense as a defendant and moves for summary judgment. (Pl.'s Mot. Leave Amend & Summ. J. 1, DN 17). Because the Court lacks jurisdiction over this matter, the motion is denied as moot.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion to Dismiss (DN 12) is **GRANTED**, and the Complaint (DN 1) is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff's Motion to Amend and for Summary Judgment (DN 17) is **DENIED AS MOOT**.

3. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

February 10, 2025

cc: counsel of record
Plaintiff, *pro se*

---

*2 (W.D. Ky. Oct. 25, 2023) (quoting *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002)). Thus, to the extent that Dr. Trzop seeks to assert a claim for nationwide relief on behalf of others, it constitutes the unauthorized practice law because he is not a lawyer, and he cannot seek a nationwide injunction on behalf of others without counsel.